# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| BTG INTERNATIONAL LIMITED, et al., | Honorable Kevin McNulty, U.S.D.J. |
| Plaintiffs, | Civil Action No. 15 CV 5909 (KM) (JBC) |
| v. | |
| AMNEAL PHARMACEUTICALS LLC, et al., | **Order to Seal** |
| Defendants. | |

| | |
|---|---|
| BTG INTERNATIONAL LIMITED, et al., | Honorable Kevin McNulty, U.S.D.J. |
| Plaintiffs, | Civil Action No. 16 CV 2449 (KM) (JBC) |
| v. | |
| AMERIGEN PHARMACEUTICALS, INC., and AMERIGEN PHARMACEUTICALS LTD., | |
| Defendants. | |

**THIS MATTER** having been opened to the Court by the application of Plaintiffs BTG International Limited, Janssen Biotech, Inc., Janssen Oncology, Inc., and Janssen Research & Development, LLC (collectively, "Plaintiffs"), by and through their undersigned counsel, seeking an order sealing portions of the February 9, 2018 oral argument transcript regarding Certain Defendants' Motion for Summary Judgment of Noninfringement ("Transcript"); the Court having considered the papers submitted by Plaintiffs in support of the Motion; and any papers in reply thereto; and the Court having considered and adopted the Statement of Keith J. Miller pursuant to

Local Civil Rule 7.1(d)(4), counsel for Plaintiffs, and the Court having further found that the standards of Local Civil Rule 5.3(c) have been met and support the sealing of the confidential information; and for other and good cause having been shown, the Court hereby finds:

**FINDINGS OF FACT**

1. On March 1, 2016, the Court entered the parties' Discovery Confidentiality Order. Dkt. No. 172. The DCO allows the parties to designate information as "Confidential," "Highly Confidential," or "Highly Confidential-OCEO Information."

2. The DCO acknowledges that the parties will exchange documents that contain confidential information, and strictly limits access these documents. The DCO further provides that a party wishing to use material designated as "Confidential," "Highly Confidential," or "Highly Confidential-OCEO Information" must move pursuant to Local Civil Rule 5.3(c) for leave to file the submission under seal.

3. On February 9, 2018, the parties attended oral argument before the Court which was recorded in the Transcript.

4. The Court finds that the document that Plaintiffs seek to have sealed appears to reference Plaintiffs' "Highly Confidential" information pursuant to the terms of the Parties' Discovery Confidentiality Order.

5. Specifically, the following portions of the Transcript contains confidential information, which was identified with specificity in Plaintiffs' Index in Support of Motion to Redact Transcript:

- Page 21, lines 8-19, 23-25;
- Page 22, lines 1-6, 11-14;

- Page 23, line 4 after "unambiguous label" through before "But here" on line 7;
- Page 33, line 20 after "FDA-approved label" through before "and the PTO" on line 21;
- Page 60, line 15 after "doing it justice" through end of line 24;
- Page 61, lines 23-25; and
- Page 62, lines 1-6

6. The Court further finds that the information that is the subject of the instant motion to seal is highly sensitive business information of Plaintiffs related to research and development and associated regulatory filings that is not known to the general public.

7. The Court further finds that Plaintiffs appear to have safeguarded and protected the confidentiality of this information.

8. The Court further finds injury to Plaintiffs will result if the Court does not permit this information to be filed under seal. As a result, the public disclosure of this information would serve no legitimate purpose, nor would it aid in promoting fairness of efficiency among the Parties to this action.

9. The Court further finds that Plaintiffs have a strong and legitimate interest in protecting this confidential information from being disclosed to the public.

10. The Court further finds that a less restrictive alternative to the relief sought herein is not available.

11. For these reasons, good cause exists for protecting Plaintiffs' highly confidential information.

## CONCLUSIONS OF LAW

12. A "court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . requiring that a trade secret, or other confidential research, development, or commercial information not be revealed." Fed. R. Civ. P. 26(c)(1)(G).

13. "[T]he inclusion of . . . confidential information in documents warrants the sealing of such documents. [Thus, a] well-settled exception to the [public's] right of access [to information] is 'the protection of a party's interest in confidential commercial information . . . where there is a sufficient threat of irreparable harm.'" *Bed Bath & Beyond Inc. v. Sears Brands, LLC*, No. 08-5839, 2011 U.S. Dist. LEXIS 145955, at *9 (D.N.J. Dec. 20, 2011) (quoting *In re Gabapentin Patent Litig.*, 312 F. Supp. 2d 653, 654 (D.N.J. 2004)). For that reason, "the presence of . . . confidential information weighs against public access and . . . documents containing such information may be protected from disclosure." *Id.*

14. The Transcript contains Plaintiffs' highly confidential information within the meaning of Federal Rule of Civil Procedure 26(c)(1)(G).

15. Accordingly, the Court finds that good cause exists to seal the Transcript at issue under the considerations set forth in *Pansy v. Borough of Stroudsburg*, 23 F.3d 772 (3d Cir. 1994) and Local Civil Rule 5.3(c).

**THEREFORE,** it is on this 31st day of May, 2018;

**ORDERED** that Plaintiffs have complied with the strictures of Local Civil Rule 5.3(c) and 7.1; and it is further

**ORDERED** that Plaintiffs' Motion to Redact Transcript is hereby granted.

**SO ORDERED.**

_____
**HONORABLE JAMES B. CLARK III
UNITED STATES MAGISTRATE JUDGE**

[This order terminates Dkt. No. 460]